[No. 490-3.    Division Three.    June 27, 1972.]

*In the Matter of* ROAD IMPROVEMENT DISTRICT No. 161. JOHN G. LAYMAN *et al., Respondents,* v. SPOKANE COUNTY COMMISSIONERS, *Appellants.*

Donald C. Brockett, Prosecuting Attorney, and Emmett J. Shearer, Deputy, for appellants.

John G. Layman, for respondents.

MUNSON, C.J.—The question presented herein is one of statutory construction. Certain owners of property, within Spokane County, prepared and circulated among other property owners a petition for a local improvement district seeking to pave 48th Avenue between Woodruff Road and the east boundary line of Ponderosa Acres, Second Addition, and a portion of Raymond Road that intersects with 48th Avenue.

The petition was subsequently filed with the Spokane County Engineer, who certified to the Spokane County Commissioners that the county auditor's records indicated the signators constituted in excess of an aggregate amount of a majority of the owners "of the lineal frontage upon the contemplated improvement and of the area within the limits" designated by the petition for creation of the district as required by RCW 36.88.020.

The commissioners subsequently sent out notices fixing a time and place for hearing upon the petition and performed all other requirements of RCW 36.88.050. On March 25, 1971, the matter came on for hearing. Pursuant to RCW 36.88.050, it was determined that, with the withdrawals from and additions to the petition prior to 5 o'clock of the day before, there was now existent less than such a majority of signators who owned the lineal frontage and the area within the proposed improvement district who approved the petition. The commissioners found the petition insufficient at the time of the hearing. Acting upon the suggestion of some of the persons attending the hearing, however,

they considered reducing the area to be included within the district. After discussion, the hearing was continued until April 1, 1971. During the recess between the first and second hearings, the commissioners viewed the property. On April 1, 1971, by resolution, they approved the improvement district, modifying the plan by reducing the area of the district. Thus, the number of signators upon the petition within the area modified again were in the majority.

The trial court held that they acted in violation of RCW 36.88.060 and that the action of the commissioners was invalid. The Spokane County Commissioners appeal.

The commissioners acted responsibly in what they considered the best interest of the petitioners. Such consideration is solely within their legislative discretion. Whether or not they had the power to act at all, however, is a matter of law. On this matter we believe the trial court was correct.

RCW 36.88.060 states in part:

[T]he board shall conduct a public hearing at the time and place designated in the notice to property owners. At this hearing, the board may make such changes in the boundaries of the district or such modifications in the plans for the proposed improvement as shall be deemed necessary: *Provided,* . . .

. . . In case the proceedings have been initiated by petition, the board shall find whether the petition including all additions thereto or withdrawals therefrom made prior to five o'clock p.m. of the day before the hearing is sufficient within the boundaries of the district so established at said hearing by the board. If said petition shall be found insufficient the board shall by resolution declare the proceedings terminated.

The trial court was correct when it stated in its oral ruling:

Here the Board by its own findings as recited in the ultimate resolution on April 1 did find that the petition was insufficient, and therefore it became mandatory upon it to terminate the hearing. And the provision preceding that in the first paragraph of the statute [RCW 36.88.060] presupposes it was a lawful hearing. But when the hearing has been terminated after a finding of insufficiency,

there can be no lawful hearing, and therefore no changes, no reductions.

Counsel for the commissioners urges that the sentence placement within RCW 36.88.060 allows the commissioners to commence the public hearing and determine the boundaries of the proposed district, taking into consideration the limitations placed thereon within the statute, then determine the sufficiency of the petition by the percentage of signators residing within the then determined boundaries. We do not adopt that interpretation of the statute. The legislature, in its wisdom, must be deemed to be knowledgeable of the petition process. Otherwise, they would not have provided for the addition to or withdrawal from petitions of signators. It seems logical to us that once the hearing is convened the commissioners must first determine whether there is then existent a sufficient number of signators. If not, pursuant to the statute, the hearing is terminated.

The commissioners refer to RCW 36.32.080 in effect providing that the business of the board of county commissioners may, from time to time, be adjourned "as deemed expedient or desirable in order to properly transact the business of the county."

That statute of course refers to the general powers of the board of county commissioners, whereas the statute with which we are dealing, RCW 36.88.060, is involved with a matter of special statutory creation, namely, the creation of road improvement districts. The special statute controls the general statute in such matters.

Judgment affirmed.

GREEN and EVANS, JJ., concur.